UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Bankruptcy No. 21-09596 |
| DAVID G. SCHULTZ, | ) | Chapter 13 |
| | ) | Judge Janet S. Baer |
| Debtor. | ) | (Kane County) |
| | ) | |

**<u>NOTICE OF MOTION</u>**

TO:     See attached Service List

PLEASE TAKE NOTICE that on September 17, 2021, at 9:30 a.m., I will appear before the Honorable Janet S Baer, or any judge sitting in that judge's place, and present the attached Motion to Dismiss for Cause Pursuant to 11 U.S.C. 1307(c), or in the alternative, to Convert to Chapter 7.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted.  To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

By: /s/ Michael W. Huseman
Attorney for Movant

Michael W. Huseman
Attorney #06280259
DREYER, FOOTE, STREIT,
FURGASON & SLOCUM
1999 West Downer Place
Aurora, IL 60506
630/897-8764
mhuseman@dreyerfoote.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                                    )
                                          )        Bankruptcy No. 21-09596
DAVID G. SCHULTZ,                         )        Chapter 13
                                          )        Judge Janet S. Baer
                 Debtor.                  )        (Kane County)
                                          )

**MOTION TO DISMISS FOR CAUSE PURSUANT TO 11 U.S.C. 1307(c)**
**OR IN THE ALTERNATIVE TO CONVERT TO CHAPTER 7**

NOW COMES Deborah H. Schultz, by her attorney, Michael W. Huseman of Dreyer, Foote, Streit, Furgason & Slocum, P.A., and for her Motion to Dismiss for Cause Pursuant to 11 U.S.C. 1307(c), or in the alternative, to Convert to Chapter 7, hereby states as follows:

I.       **PRELIMINARY STATEMENT**

Deborah is David's ex-wife. On February 25, 2008, the parties entered into a Martial Settlement Agreement (the "MSA"). David agreed to pay maintenance to Deborah. The MSA further provides that "Should the Husband's employment earnings exceed the sum One Hundred Fifty [Thousand] Dollars ($150,000.00) per year, as reflected on his W-2 and 1099 wage earnings statement, Husband shall pay to Wife additional maintenance equal to thirty-three (*sic*) (38.5%) of the excess gross W-2 and 1099 income that exceeds $150,000.00." David is also obligated under the MSA to provide his monthly employment earnings statements to Deborah every six months and all W-2 and 1099 statements to her annually.

Between April 2015 and August 2020, David failed to pay Deborah any additional maintenance despite earning a substantial annual income that greatly exceeded $150,000 and routinely exceeded $300,000. During that same time, David also failed to provide Deborah his monthly employment earnings statements, or his W-2 and 1099 statements, as required by the MSA.

On August 20, 2020, Deborah filed a Petition for Indirect Civil Contempt of Court in DuPage County seeking a finding of contempt against David for failure to pay additional maintenance or provide financial records (the "First Contempt Petition"). David delayed the First Contempt Petition at every opportunity. Between August 20, 2020 and August 16, 2021, David engaged in scorched-earth litigation tactics and obtained multiple continuances of the hearing on the First Contempt Petition. The fourth scheduled hearing date was set for August 16, 2021 at 1:30 PM. On August 16, 2021 at 12:52 PM, David filed this bankruptcy case.

Despite David's attempt to transfer the state-court litigation to a more favorable forum, bankruptcy cases are not intended to settle two-party disputes such as this one, especially when the debtor has not acted in good faith and can immediately pay his debts in full if he chooses. Accordingly, Deborah requests that this Court dismiss the above-captioned matter for cause. Deborah also seeks a one-year bar to refiling so that she may proceed in family court without further delay. Alternatively, Deborah requests that this matter be converted to chapter 7.

## II.     FACTUAL BACKGROUND

On February 25, 2008, a Judgment for Dissolution of Marriage was entered in DuPage County Case Number 2005 D 627 ("In re the Marriage of: David G. Schultz v. Deborah H. Schultz"). The MSA was incorporated into the Judgment.[1] In the MSA, David agreed to pay maintenance to Deborah. Section 3.3 of the MSA further provides that "Should the Husband's employment earnings exceed the sum One Hundred Fifty [Thousand] Dollars ($150,000.00) per year, as reflected on his W-2 and 1099 wage earnings statement, Husband shall pay to Wife additional maintenance equal to thirty-three (*sic*) (38.5%) of the excess gross W-2 and 1099 income that exceeds $150,000.00." Section 3.3 of the MSA also requires David to provide his

---

[1] The Judgment and MSA are attached as **Exhibit 1**.

monthly employment earnings statements to Deborah every six months and all W-2 and 1099 statements to her annually.

Deborah filed the First Contempt Petition on August 20, 2020, alleging that David failed to pay any additional maintenance or provide his financial documents to her between April 2015 and August 2020.[2] Thereafter, the parties engaged in extensive litigation concerning the subject matter of the First Contempt Petition. While trying to escape liability under the First Contempt Petition, David filed (1) a Petition to Modify Maintenance and to Reduce or Terminate Maintenance; (2) an Amended Petition to Modify Maintenance and to Reduce or Terminate Maintenance; (3) a Motion to Clarify/Correct Court Order (the April 15, 2015 order that modified his maintenance obligations); (4) a Motion for Review of Maintenance; and (5) a Petition to Modify Maintenance, all of which were eventually dismissed or denied.

On March 26, 2021, Deborah filed a Motion to Compel and for Other Relief against David for his failure to respond to document production requests that sought copies of the earning statements, W-2s, and 1099s that he was obligated to provide under the MSA.[3] On April 13, 2021, while the Motion to Compel was pending, the First Contempt Petition was set for hearing on May 24, 2021. On May 17, 2021 the Motion to Compel was granted and David was ordered to produce his 2017, 2018, 2019, and 2020 tax returns, W-2s, and 1099s by the close of business on May 21, 2021.[4] Two days later, the parties were back in court on various motions. The May 19, 2021 order says that "The May 24, 2021 hearing shall stand."[5]

---

[2] The First Contempt Petition is attached as **Exhibit 2**.
[3] The Motion to Compel is attached as **Exhibit 3**.
[4] The May 17, 2021 court order is attached as **Exhibit 4**.
[5] The May 19, 2021 court order is attached as **Exhibit 5**.

On May 20, 2021, David filed an Emergency Motion to Continue Hearing, which was denied one day later.[6] On May 21, 2021, David filed an Amended Emergency Motion to Continue Hearing, which was granted and hearing on the First Contempt Petition was rescheduled for June 7, 2021.[7]

On May 24, 2021, Deborah filed a Petition for Indirect Civil Contempt of Court for David's failure to abide by the May 17, 2021 order that required him to produce his 2017, 2018, 2019, and 2020 tax returns, W-2s, and 1099s (the "Second Contempt Petition").[8] On June 2, 2021, David filed a Notice of Appeal and a Motion to Stay Pending Appeal related to earlier adverse rulings that he had received on his various petitions to review and modify maintenance. In order to allow briefing on the Motion to Stay Pending Appeal, the June 7, 2021 hearing on the First Contempt Petition was stricken.

On June 14, 2021, David's Motion to Stay Pending Appeal was denied. Hearing on the First Contempt Petition was continued to July 9, 2021. On July 2, 2021, David filed a Petition for Substitution of Judge For Cause.[9] On July 8, 2021, the July 9, 2021 hearing date was stricken. At the same time, David withdrew his Petition for Substitution of Judge For Cause. Hearing on the First Contempt Petition was rescheduled for August 16, 2021 at 1:30 PM.[10]

On August 3, 2021, David filed a Motion to Continue Hearing and a (second) Motion for Stay Pending Appeal.[11] On August 12, 2021, David's Motion to Continue Hearing was denied. At that time, the Court also ruled that "David Schultz's Emergency Motion For Stay Pending Appeal is granted only if David Schultz posts a $500,000.00 cash bond with the DuPage County Circuit

---

[6] The Emergency Motion to Continue Hearing and the May 21, 2021 court order are attached as **Exhibits 6 and 7**, respectively.

[7] The Amended Emergency Motion to Continue Hearing and the May 24, 2021 court order are attached as **Exhibits 8 and 9**, respectively.

[8] The Second Contempt Petition is attached as **Exhibit 10**.

[9] The Petition for Substitution of Judge For Cause is attached as **Exhibit 11.**

[10] The July 8, 2021 court order is attached as **Exhibit 12.**

[11] The Motion to Continue Hearing and the (second) Motion for Stay Pending Appeal are attached as **Exhibits 13 and 14**, respectively.

Clerk on or before 10:00 AM C.S.T. on August 16, 2021. If bond is not posted, the hearing will proceed 8/16/21 at 1:30 PM in [Room] 3001B."[12] David did not post the appellate bond with the Circuit Clerk. Instead, David filed this case. His bankruptcy was filed on August 16, 2021[13] at 12:52 PM.[14] At the time of the filing, Deborah and her attorney were in the courthouse preparing for the hearing that was scheduled for 1:30 PM.

III.    **ARGUMENT**

A.  This case should be dismissed because it was not filed in good faith.

Lack of good faith is sufficient cause for dismissal under chapter 13.[15] Good faith under Section 1307(c) should be determined by looking to the totality of the circumstances.[16] Relevant factors to the good faith inquiry include the nature of the debt, including the question of whether the debt would be nondischargeable in a chapter 7 proceeding; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors."[17]

Further, numerous courts have found a chapter 13 to be in bad faith where the debtor's reorganization essentially involves the resolution of a two-party dispute.[18] For two-party disputes, the state court which has been overseeing the case is a preferable forum.[19] In this case, as is more fully discussed below, the totality of the circumstances overwhelmingly evidences a lack of good faith by debtor in this case. And this is undoubtedly a two-party dispute that is more properly heard by the DuPage County divorce court. This matter should be dismissed with prejudice.

---

[12] The August 12, 2021 court order is attached as **Exhibit 15**.
[13] The August 16, 2021 court order is attached as **Exhibit 16**.
[14] *See* Debtor's Chapter 13 Petition.
[15] *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992).
[16] *Love* at 1356.
[17] *Love* at 1357.
[18] *See, e.g., In re Fonke*, 310 B.R. 809, 817 (Bankr. S.D. TX. 2004); *In re Virden*, 279 B.R. 401 (Bankr. Mass. 2002); *In re Petersen*, 228 B.R. 19 (Bankr. M.D. Fla. 1998).
[19] *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1312 (2nd Cir. 1997).

1.  <u>The nature of the debt evidences a lack of good faith by Debtor.</u>

The first element of the 7th Circuit's totality of the circumstances test is the nature of the debt, including the question of whether the debt would be nondischargeable in a chapter 7 proceeding.[20] The 7th Circuit also looks to how the debt arose.[21] In this case, David acknowledges in Schedule E/F and in his chapter 13 plan that the debt owed to Deborah is a domestic support obligation. DSOs are not dischargeable under chapter 7.[22]

And the debt arose with David's consent. This debt stems from Section 3.3 of the parties' MSA. This section is commonly referred to as a "true-up provision." David agreed to pay Deborah a set monthly amount for maintenance under the MSA, but he also agreed to pay her 38.5% of his excess gross annual income that exceeds $150,000. David was represented by counsel in state court when he negotiated the terms of his MSA, when he signed the MSA, and when it was incorporated into a judgment for dissolution of marriage by the divorce court.

2.  <u>The timing of the petition constitutes a lack of good faith.</u>

David filed this case 38 minutes before a hearing that he had desperately tried to continue for the better part of a year. He filed three motions to continue, an appeal, two motions for stay pending appeal, and a motion to substitute judge that he immediately withdrew as soon as he got the continuance that he was seeking. When all else failed, he filed bankruptcy while Deborah and her lawyer were actually in the courthouse preparing for hearing.

Timing a chapter 13 petition to delay or thwart state court litigation may show the filer is engaging in litigation tactics and forum shopping, and that the case is not a good-faith effort to reorganize.[23] For instance, the 7th Circuit has previously found that filing bankruptcy a "mere two

---

[20] *Love* at 1357.
[21] *Id.*
[22] 11 U.S.C. 523(a)(5) and (15).
[23] *In re Murray*, 580 B.R. 862, 867 (W.D. Wash. 2017).

weeks" before a scheduled hearing is indicative of bad faith.[24] The Northern District of Illinois has held that filing bankruptcy two days before a foreclosure sale constitutes bad faith.[25] As a general rule, where the timing of the petition … is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being filed in good faith.[26]

### 3. Debtor's motive in filing constitutes a lack of good faith.

The 7th Circuit's totality of the circumstances test also looks to the debtor's motive in filing the petition, how the debtor's actions affected creditors, and the debtor's treatment of creditors both before and after the petition was filed.[27] The dispute between Deborah and David in state court was not complicated. Additional maintenance under the MSA is determined using a simple calculation of 38.5% of David's excess gross W-2 and 1099 income that exceeds $150,000 per year. David stalled the production of his earnings statements and litigated for nearly a year over this straight-forward calculation that he had negotiated and agreed to during the divorce. His treatment of Deborah was deplorable. After nearly a year of litigation during which the parties oftentimes appeared in court twice during the same week, he filed bankruptcy as Deborah sat in the courthouse preparing for hearing. Not only did Deborah incur substantial legal fees in state court, but she is also now incurring substantial legal fees in bankruptcy court to contest a petition that fails every element of the totality of the circumstances test.

### 4. Debtor's schedules and SOFA are not accurate.

Upon information and belief, David operates a real estate investment partnership with Joann Snyder. David and Ms. Snyder have bought and sold multiple properties over the years as business partners. For instance, attached as Exhibit 17 is a real estate tax bill from 2012 that

---

[24] *In re Sidebottom*, 430 F.3d 893, 899 (7th Cir. 2005).
[25] *In re Yotis*, 2019 U.S. Dist. LEXIS 85964, *13 (N.D. Ill. 2019).
[26] *In re HBA East, Inc.*, 87 B.R. 248, 259-60 (Bankr. E.D.N.Y. 1988).
[27] *Love* at 1357.

identifies "Schultz Snyder Rentals" as an owner of the property. Ms. Snyder is identified on Schedule G as David's tenant in property located in Port Charlotte, Florida. However, upon information and belief, David and Ms. Snyder are business partners with respect to the Port Charlotte, Florida property. Ms. Snyder currently occupies that property and pays rent to David that is far below market value. In fact, David acknowledges on Schedule I, Line 8a that he loses money on the Port Charlotte property.

David also sold investment real estate on October 30, 2019 that was located at 11N630 Howard Avenue, Elgin, Illinois. Attached as Exhibit 18 is a redacted copy of David's 2019 IRS form 4797 that discloses this sale. Upon information and belief, David was a partner with Ms. Snyder on this property. David did not disclose Schultz Snyder Rentals as a current business venture in Section 19 of Schedule A/B, nor did he disclose that he had been a partner involved with this partnership at any point during the last four years in response to Question 27 of the Statement of Financial Affairs. Nor was the October 2019 real estate transfer disclosed in response to any other question on the SOFA.

David also owns a Chevrolet Camaro that he failed to disclose on Schedule A/B. Attached as Exhibit 19 is a public records search that reveals an active registration in David's name for a 2010 Chevrolet Camaro. The vehicle was last registered with the Secretary of State on May 18, 2021.

The MSA also requires David to maintain a $500,000 life insurance policy in full force and effect for as long as he is required to pay maintenance to Deborah and/or pay for the education expenses of the parties' son. Attached as Exhibit 20 is a statement showing David's ownership of a $500,000 life insurance policy. David did not disclose any interest in this insurance policy in Section 31 of Schedule A/B, nor did David disclose any interests in any other insurance policies, including health, automobile, or homeowner's insurance. Upon information and belief, David has

health insurance, insurance policies on at least two vehicles, and insurance policies on at least two parcels of real estate.

Upon information and belief, David also owns a Winchester rifle that was given to him as a gift by his girlfriend. He did not disclose this gun on Schedule A/B. Upon information and belief, David also owns clothes, jewelry (including wristwatches), equipment for sports and hobbies (including golf clubs), and electronics (including televisions and a cell phone) that he failed to disclose on Schedule A/B.

Lastly, David substantially undervalued Deborah's claim in this case. David scheduled Deborah as holding a priority, DSO claim in the amount of $185,000. Again, the math in this case is not difficult. David had to simply calculate 38.5% of his excess gross annual income that exceeded $150,000 for the years in question (and add the statutory judgment interest), but he undervalued Deborah's claim by nearly $300,000. Attached as Exhibit 21 is Deborah's claim in this matter for $464,171.

Concealment and misleading statements in the bankruptcy case are each elements of bad faith.[28]

### 5. This case should be dismissed because it is a two-party dispute.

The only other unsecured creditor in this case is Alliant Credit Union. Debtor scheduled a $8,017.87 credit card balance with Alliant Credit Union on Schedule E/F. But in response to Question 6 on the SOFA, David disclosed that he had paid $24,000 to Alliant Credit Union during the 90 days before he filed bankruptcy. He indicates that his payments occurred on May 22, 2021, June 22, 2021, and July 22, 2021, leaving a remaining balance due of $8,017.87. This case was filed on August 16, 2021. If the contempt hearing would have been scheduled for only one week

---

[28] *In re Marrama,* 549 U.S. 365 (2007).

later, David would have made his regularly scheduled credit card payment on August 22, 2021 and Deborah would be the only unsecured creditor in this case.

Courts have found a chapter 13 to be in bad faith where the debtor's reorganization essentially involves the resolution of a two-party dispute.[29] For two-party disputes, the state court which has been overseeing the case is a preferable forum.[30] In this case, the divorce court of DuPage County is the preferable forum. There is also no question that this is essentially a two-party dispute.

B. Debtor should be barred from refiling bankruptcy for one year.

David's appeal of several adverse rulings in divorce court is still pending in the Illinois Appellate Court, Second District. After the appeal is resolved, Deborah's First Contempt Petition should be resolved by the DuPage County divorce court, not the bankruptcy court, because David admits that the debt owed to Deborah is a domestic support obligation. Further, David has the ability to immediately pay the entire debt in full if so chooses. Deborah requests a one-year bar to refiling to allow sufficient time for this matter to be heard in state court. The dismissal of a chapter 13 cases with prejudice with a one-year bar to refiling is proper where the debtor used the bankruptcy process to hinder and delay one creditor while all other creditors were being paid and no financial event precipitated the filing.[31]

C. If this case is not dismissed for cause, it should be converted to chapter 7.

Lack of good faith can also lead to an order to convert the case and proceed under chapter 7 under Section 1307(c).[32] If this Court declines to dismiss the case, the matter should be converted to chapter 7 due to debtor's lack of good faith in brining the chapter 13 petition. Conversion to

---

[29] *See, e.g., In re Plagakis*, 2004 U.S. Dist. LEXIS 2458 (E.D.N.Y. 2004); *In re Virden*, 279 B.R. 401 (Bankr. Mass. 2002); *In re Petersen*, 228 B.R. 19 (Bankr. M.D. Fla. 1998).
[30] *In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1312 (2nd Cir. 1997).
[31] *In re Shaheen*, 268 B.R. 455, 462 (Bankr. E.D. Va. 2001).
[32] *Love* at 1354.

chapter 7 is appropriate so that Deborah does not have to wait 60 months for payment on a non-dischargeable claim that David can immediately pay in full.

<strong><u>CONCLUSION</u></strong>

The totality of the circumstances in this case evidences an egregious lack of good faith on behalf of debtor. Deborah is essentially the only unsecured creditor in this case. David engaged in scorched-earth litigation tactics for nearly one year before filing bankruptcy 38 minutes before a scheduled hearing. The petition and schedules that he filed do not accurately reflect his financial status. This is clearly a two-party dispute concerning an admitted DSO that is more properly heard by the divorce court. This matter should be dismissed with prejudice. Alternatively, this matter should be converted to chapter 7.

WHEREFORE, Deborah H. Schultz, moves for the entry of an order dismissing the above-captioned matter pursuant to 11 U.S.C. 1307(c) with prejudice for having been filed in bad faith with a one-year bar to refiling; alternatively, this matter should be converted to Chapter 7. Furthermore, Movant respectfully requests any additional relief deemed fair and appropriate under the circumstances by this Honorable Court.

DREYER, FOOTE, STREIT,
FURGASON & SLOCUM

By /s/ Michael W. Huseman
Attorney for Movant

Michael W. Huseman
Attorney No. 06280259
DREYER, FOOTE, STREIT,
FURGASON & SLOCUM
1999 West Downer Place
Aurora, IL 60506
630/897-8764
mhuseman@dreyerfoote.com

# PROOF OF SERVICE

       I, Michael W. Huseman, at attorney, certify that service of the above Motion to Dismiss for Cause Pursuant to 11 U.S.C. 1307(c), or in the alternative, to Convert to Chapter 7 on all persons identified on the Service List attached, was accomplished through the Court's Electronic Notice for Registrants, and through regular mail for non-registrants, before the hour of 5:00 P.M., September 1, 2021.

By /s/  Michael W. Huseman

**Registrants Served Through the Court's Electronic Notice for Registrants:**

Jay M Reese                    lawofficeofjmreese@sbcglobal.net
Glenn B Stearns           stearns_g@lisle13.com
Patrick S Layng            USTPRegion11.ES.ECF@usdoj.gov

**Parties Served via First Class Mail:**

David G Schultz
11N630 Win Haven Dr.
Elgin, IL 60124
*Debtor*