**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: David G Schultz

|  |  |
|---|---|
| ) | 21 B 09596 |
| ) |  |
| Debtor(s)                  ) | **Judge Janet S. Baer** |

### *NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

David G Schultz, 11N630 Win Haven Drive, Elgin, IL  60124
Jay M Reese, 357 Ardmore Avenue, Villa Park, IL  60181

Please take notice that on October 1, 2021 at 9:30 a.m., I will appear before the Honorable Judge Janet S. Baer or any other Bankruptcy Judge who may preside in her place and stead and present the attached motion to dismiss for ineligibility.

**This motion will be presented and heard electronically using Zoom for Government.**  No personal appearance in court is necessary or permitted.  To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link:  https://zoomgov.com/.  Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**.  The meeting ID for this hearing is **160 731 2971** and the password is **587656.**   The meeting ID and password can also be found on the judge's page on the court's web site.

A party who objects to this motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.

I certify that this office caused a copy of this notice and the attached motion to be delivered to the above listed debtors by depositing it in the U.S. Mail and to debtors' attorney electronically via the court's CM/ECF System on September 16, 2021.

/s/ Glenn Stearns
Glenn Stearns, Trustee

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532   (630) 981-3888

In re:  David G Schultz

|  |  |  |
|---|---|---|
|  | ) | 21 B 09596 |
|  | ) |  |
| Debtor(s) | ) | **Judge Janet S. Baer** |

MOTION TO DISMISS FOR INELIGIBILITY

Now Comes Glenn Stearns, Chapter 13 Trustee, and requests dismissal of the above case pursuant
to 11 U.S.C. §§ 109(e) and 1307(c), and in support thereof, states the following:

1. On August 16, 2021 the debtor filed a petition under Chapter 13.

2. The debtor's Schedule E/F lists only two unsecured creditors and schedules the amounts owed
   as $193,017.87.

3. Debtor lists a domestic support obligation owed to Deborah Schultz in the amount of $185,000
   and characterizes the debt as unliquidated.

4. Ms. Schultz, through counsel, filed a priority claim in the amount of $464,171.  Ms. Schultz
   had no difficulty calculating the exact amount she is owed.

5. It is clearly an error to list this debt as unliquidated, a debt is liquidated when the amount "has
   been ascertained or can be readily calculated." In re Knight, F. 3d 235 (7th Cir. 1995).  The
   amount can be calculated readily when it is fixed or is "otherwise ascertainable by reference to
   an agreement or by simple computation."  In re Nicholes, 184 B.R. 82, 89 (B.A.P. 9th Cir.
   1995).

6. It is clear from the motion to dismiss and proof of claim filed by Ms. Schultz that the debtor understated the amount Ms. Schultz claims she is owed.

7. Debtor's unsecured debts exceed the unsecured debt limit under §109(e) of $419,275.

8. The debtor's schedules and the claims filed show that the debtor is not eligible to be a Chapter 13 debtor under § 109(e).

9. Information provided in the debtor's schedules constitutes an admission by the debtor. In re Bohrer, 266 B.R. 200 (Bankr. N.D. Cal 2001).

10. Eligibility can be determined by the amounts listed in the debtor's schedules. In re Hansen, 316 B.R. 505, 508 (Bankr. N.D.Ill 2004), citing In re Scovis, 249 F.3d. 975, 982 (9th Cir. 2001).

11. A bankruptcy court may look past the schedules to other evidence, checking only to see if the schedules were made in good faith. In re Scovis, 249 F.3d 975, 982 (9th Cir. 2001).

12. Disputed debts are counted towards eligibility. In re Knight, 55 F.3d 231 (7th Cir. 1995), In re Waller, 2001 WL 197844 (N.D.Ill.), In re McGovern, 122 B.R. 712 (Bkrtcy N.D.Ind. 1989), In re Sylvester, 19 B.R. 671 (B.A.P. 9th Cir. 1982).


WHEREFORE, the Trustee prays that this case be dismissed pursuant to §§ 109(e) and 1307(c) and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee

/s/   Glenn Stearns
By: Glenn Stearns


Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532-4350   630 981 3888